UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AMERICAN SMALL BUSINESS LEAGUE,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendant. | Case No: C 10-4138 SBA<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Docket 3 |

Plaintiff American Small Business League brings this action against Defendant United States Department of Homeland Security, seeking an order compelling the disclosure of documents that Defendant allegedly withheld in violation of the Freedom of Information Act ("FOIA"). The parties are presently before the Court on Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Dkt. 3. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b).

I.  **BACKGROUND**

   A.  **FACTUAL SUMMARY**

Plaintiff alleges that it is a national organization which promotes the interests of small businesses. Compl. ¶ 3, Dkt. 1. On April 21, 2010, Plaintiff submitted a FOIA request to Defendant for "The Individual Subcontracting Report (ISR/SF 294) and the Summary Subcontracting Report for Contract PIID HSPB1009C02278, Lockheed Martin Aeronautical Systems Support Company, DUNS 149769754." Id. ¶ 5 & Ex. A.

On May 20, 2010, Defendant responded in writing to Plaintiff's FOIA request, and stated that it had located two responsive documents, totaling four pages.  Id. ¶ 6 & Ex. B.  However, Defendant concluded that the some of the information in the documents were exempt from disclosure under two FOIA exemptions, as set forth in 5 U.S.C. § 552(b)(4) and (b)(6).[1]  Defendant's letter states:

> [Four] pages are exempt pursuant to 5 U.S.C. § 552(b)(4) and (6) because the material consists of information which constitutes personal information, trade secret, confidential and/or business, commercial or financial information.
>
> The exemption(s) cited above is as follows:  Exemption (b)(4) and (6) of the FOIA, 5 U.S.C. § 552(b).

Id.   Defendant produced the two documents, with redactions in accordance with Exemptions 4 and 6.  Id.

On May 28, 2010, Plaintiff sent a letter to the FOIA Appeals Offices in which it purported to appeal Defendant's non-disclosure.  Id. Ex. C.  The pertinent part of the appeal stated:

> On May 25, 2010, I received a letter and documents from Ms. Susan Baptist dated May 20, 2010.  The letter informed me that the documents were copies of ISR/SF 294 and SSR/SF 295 for the contract referenced above.  However, *the majority of relevant information in the documents provided has been redacted under FOIA exemption (b)(4)*.
>
> I appeal this decision, and request the redacted information be provided in full.  It is my understanding that the information contained in ISR/SF 294's and SSR/SF 295's is public information, therefore *it would not fall within FOIA exemption (b)(4)*.
>
> Thank you for your consideration of this appeal.

Id. (emphasis added).  Although Defendant's letter of May 20, 2010, expressly cites two FOIA exemptions, Plaintiff's appeal makes no mention of Exemption 6.

---

[1] There are nine statutory exemptions, each protecting against the disclosure of a specific type of sensitive government information.  See 5 U.S.C. § 552(b)(1)-(9).  For simplicity, the Court refers to the exemptions at issue in this case as "Exemption 4" and "Exemption 6."

### B. PROCEDURAL HISTORY

On September 15, 2010, Plaintiff filed the instant action in this Court seeking judicial review under FOIA of Defendant's refusal to produce unredacted versions of the requested documents. On or about October 21, 2010, Defendant agreed to produce the requested records. Def.'s Mot. Ex. A. Specifically, Defendant agreed that Exemption 4 was inapplicable, and as such, released the requested documents without the redactions made under that exemption. Id. However, Defendant maintained that the redactions under Exemption 6 were proper. Id. Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendant now moves to dismiss the action on the ground that its disclosure of the requested documents moots Plaintiff's FOIA action. Although certain information remains redacted under Exemption 6, Defendant contends that Plaintiff is foreclosed from challenging those redactions on the ground that Plaintiff did not challenge that exemption in its administrative appeal. Plaintiff disagrees and contends that it fully exhausted all of its claims, including its challenge under Exemption 6.

## II. LEGAL STANDARD

The case or controversy requirement of Article III of the United States Constitution deprives federal courts of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1984). Mootness is a question of subject matter jurisdiction properly raised in Rule 12(b)(1) motion to dismiss. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979). In resolving a speaking motion, a court may consider attached exhibits and weigh evidence to determine whether it has jurisdiction, as long as the jurisdictional facts are not intertwined with the merits. See Rosales v. United States, 824 F.2d 799, 803 (9th Cir. 1987).

**III.    DISCUSSION**

To prevail in a FOIA action, a plaintiff must show "that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 150 (1980). Each of these criteria must be met before a district court can force the agency to comply with the FOIA request. U.S. Dep't of Justice v. Tax Analysts, 492 U.S. 136, 142 (1989). The Ninth Circuit has held that an action for production of documents pursuant to the FOIA becomes moot once the requested documents have been produced, regardless of when they are produced. E.g., Papa v. United States, 281 F.3d 1004, 1013 (9th Cir. 2002) ("[T]he production of all nonexempt material, 'however belatedly,' moots FOIA claims.") (citations omitted)); accord Carter v. Veterans Admin., 780 F.2d 1479, 1481 (9th Cir. 1986) (same). Here, there is no dispute between the parties that Defendant has provided Plaintiff with all of the requested documents with the redactions previously made under Exemption 4 removed. Def.'s Mot. Ex. A. Thus, Plaintiff's FOIA claim, insofar as it challenges Defendant's redactions under that particular exemption, is moot. Thus, the only remaining question is whether the Court has jurisdiction to consider Plaintiff's contention that Defendant's continuing redaction of certain information under Exemption 6 is improper.

"Exhaustion of a parties' administrative remedies is required under the FOIA before that party can seek judicial review." In re Steele, 799 F.2d 461, 465 (9th Cir. 1986). "Where no attempt to comply fully with agency procedures has been made, the courts will assert their lack of jurisdiction under the exhaustion doctrine." Id. In the present case, the record confirms that Plaintiff failed to exhaust its claims under Exemption 6. Defendant's response to Plaintiff's FOIA request expressly cited both Exemption 4 *and* Exemption 6 as the bases for redacting certain information from the requested documents. See Compl. Ex. B. However, Plaintiff's administrative appeal *only* challenged Defendant's redactions under Exemption 4. See id. Ex. C. Plaintiff tacitly concedes that it omitted any reference to Exemption 6 in its appeal, but now argues that it was under no obligation to identify the specific FOIA exemption at issue in its administrative appeal. Pl.'s Opp'n at 6. Tellingly,

1 Plaintiff fails to cite any legal authority in support of its argument.  Nor would such a rule
2 make any logical sense.
3     The purpose of the exhaustion requirement is to afford the responding agency an
4 initial opportunity to correct any non-disclosure errors, without judicial intervention.  See
5 Oglesby v. U.S. Dept. of Army, 920 F.2d 57, 64 (D.C. Cir. 1990) (noting that the
6 exhaustion requirements allows agencies "to correct or rethink initial misjudgments or
7 errors").  Thus, to effectuate such purpose, it is axiomatic that the administrative appeal
8 should place the agency on notice of the particular error being alleged by the complainant.
9 Where, as here, the appeal only challenges the application one of particular exemption
10 where multiple exemptions were cited by the agency, it is reasonable for the agency to
11 presume that there is no dispute with respect to the other exemptions to which no objections
12 have been raised.  It is for that reason that courts will consider only those FOIA claims that
13 were expressly included in the administrative appeal.  See Dettmann v. U.S. Dept. of
14 Justice, 802 F.2d 1472, 1476-77 (D.C. Cir. 1986) ("It is likewise clear that a plaintiff may
15 have exhausted administrative remedies with respect to one aspect of a FOIA request—and
16 thus properly seek judicial review regarding that request—and yet not have exhausted her
17 remedies with respect to another aspect of a FOIA request."); Hornbeck Offshore Transp.,
18 LLC v. U.S. Coast Guard, No. Civ. A. 04-1724(CKK), 2006 WL 696053, at *24 (D. D.C.
19 Mar. 20, 2006) (rejecting FOIA claim based on Exemption 6 where plaintiff's
20 administrative appeal only referenced Exemptions 4 and 5).  Given that Plaintiff failed to
21 challenge Defendant's invocation of Exemption 6 in its administrative appeal, it is
22 foreclosed from doing so in this Court.[2]

---

[2] As an ancillary matter, Plaintiff asserts that it would be "burdensome" for it to discern which exemption applied to a particular redaction.  Pl.'s Opp'n at 6.  Yet, in its appeal, Plaintiff was clearly able to discern that, from its perspective, "the majority of the relevant information in the documents provided has been redacted under FOIA exemption (b)(4)."  Compl. Ex. C.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IV.     CONCLUSION

The Court finds that Plaintiff's FOIA claim is moot to the extent it is predicated upon Exemption 4.  Plaintiff's claim under Exemption 6 is dismissed without prejudice for failure to exhaust administrative remedies.  Accordingly,

IT IS HEREBY ORDERED THAT Defendant's motion to dismiss is GRANTED. The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: March 4, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge